

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VICTORIA AGUILERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 11 C 2948 |
| MATTY'S WEST FAMILY ) | |
| RESTAURANT, INC., ) | Judge John W. Darrah |
| ) | |
| Defendant. ) | |
| ) | |

# MEMORANDUM OPINION AND ORDER

On May 3, 2011, Plaintiff Victoria Aguilera filed a Complaint against Matty's West Family Restaurant, Inc. ("Matty's West"), alleging one count of sexual harassment. Before the Court is Matty's West's Motion to Dismiss Aguilera's Complaint.

## BACKGROUND

The following facts are taken from Aguilera's Complaint and are accepted as true for purposes of resolving this Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

In November 2010, Aguilera began working as a server at Matty's West's restaurants in Shorewood, Illinois and Willowbrook, Illinois. (Compl. ¶ 8.) Aguilera alleges that she met or exceeded Matty's West's legitimate performance expectations of her, as evidenced by the absence of any disciplinary measures against her prior to her employment being terminated. (*Id.* ¶ 9.) Beginning in December 2010, Matty's West's

owner and direct supervisor, Steve Kolliopoulos, began requesting sexual favors from Aguilera, including demanding oral sex as a condition of Aguilera's continued employment. (*Id.* ¶ 10.) In January of 2011, Kolliopoulos asked Aguilera to work the closing shift at Matty's West's restaurant in Shorewood, Illinois. (*Id.* ¶ 11.) During Aguilera's shift, after initially saying no, Aguilera unwillingly assented to his persistent demand for oral sex. (*Id.* ¶¶ 12-14.) At the time he made his demand, Kolliopoulos responded, "Don't worry, you will never lose your job." (*Id.* ¶ 14.) After she assented to his demand, Kolliopoulos stated that "she would be able to continue working for [Matty's West]." (*Id.* ¶ 16.) Kolliopoulos made sexual demands on "more than a few occasions." (*Id.* ¶ 17.) Aguilera alleges that this consistent sexual harassment by Kolliopoulos ultimately resulted in the termination of her employment on March 9, 2011. (*Id.* ¶ 21.)

On April 27, 2011, Aguilera filed a charge of discrimination against Matty's West with the Equal Employment Opportunity Commission. Aguilera received a Notice of Right to Sue on May 2, 2011, and timely filed this Complaint within the requisite 90-day filing period.

## ANALYSIS

In Count I of her Complaint, Aguilera alleges both "*quid pro quo*" harassment and a hostile-work environment claim. (Compl. ¶ 20.) Matty's West argues that neither claim meets the requirements of Federal Rule of Civil Procedure 8(a)(2).

To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet Rule 8(a)(2)'s

requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (*Twombly*) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."
*Equal Emp't Opportunity Comm'n v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly,* 550 U.S. at 555, 569 n.14)).

Matty's West argues that Aguilera's claims fail to satisfy Rule 8(a) because they allege only "general statements of law taken from federal statutes, regulations and case law dealing with employment discrimination." (Mot. ¶ 8.)

In order for Aguilera to state a claim for *quid pro quo* harassment, she must plead that her "submission to sexual demands is made a condition of tangible employment benefits." *Bryson v. Chicago State Univ.,* 96 F.3d 912, 915 (7th Cir. 1996). A tangible employment action "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Wolf v. Northwest Ind. Symphony Soc'y,* 250 F.3d 1136, 1141 (7th Cir. 2001) (*Wolf*).

Matty's West argues that Aguilera's *quid pro quo* harassment claim fails to allege that Kolliopoulos conditioned tangible aspects of Aguilera's employment on submission to his sexual demands. But a reading of Aguilera's Complaint demonstrates otherwise. Aguilera has expressly pled that when she rejected and then acquiesced to Kolliopoulos's

3

sexual demands, he made statements regarding her continued employment at Matty's West. (*See* Compl. ¶¶ 14, 16.) *See Coakley v. Int'l Double Drive-Thru, Inc.*, No. 95 C 7675, 1998 WL 157417, at *7 (N.D. Ill. Mar. 31, 1998) ("In the instant case, Coakley alleges that Mark Smith told her that, if she did not perform oral sex on him, she would lose her job. Such a statement is textbook quid pro quo harassment."). Furthermore, Aguilera alleges that Kolliopoulos's sexual harassment of Aguilera ultimately resulted in the termination of her employment. (*Id.* ¶ 21.)

*See, e.g., Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 753-754 (1998) (*Ellerth*) ("When a plaintiff proves that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands, he or she establishes that the employment decision itself constitutes a change in the terms and conditions of employment that is actionable under Title VII.").

For Aguilera to state a Title VII hostile-work-environment claim, she must allege: (1) she was subject to unwelcome harassment; (2) the harassment was based on her race or sex; (3) the harassment was sufficiently severe or pervasive so as to alter the conditions of her employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability.[1] *Luckie v. Ameritech Corp.*, 389 F.3d 708, 713 (7th Cir. 2004).

Matty's West argues that Aguilera has not "identified any instances . . . in which her supervisor engaged in conduct which was unwanted and unwelcomed harassment."

---

[1] Although "[t]he Supreme Court [has] abandoned the commonly used categories of hostile work environment harassment and quid pro quo harassment," *Wolf*, 250 F.3d at 1141, the distinction is for the purposes of determining vicarious liability. *See Ellerth*, 524 U.S. at 753.

4

(Mot. ¶ 17.) To the contrary, not only does Aguilera allege that Kolliopoulos's sexual advances were "unwanted and unwelcome[d]," she also uses language throughout her Complaint that clearly demonstrates the same. (*See, e.g.*, Compl. ¶ 13 ("Plaintiff immediately stated, 'No'").)

Next, Matty's West argues that Aguilera's reliance on "one specific instance of allege[sic] harassment by her supervisor" is not sufficient to establish that the harassment was severe and pervasive. Matty's West's argument is unavailing because Aguilera alleges at least three (if not more) separate instances of sexual harassment by Kolliopoulos. (Compl. ¶¶ 10, 12, 17.) Although it is not clear, Matty's West appears to rely on *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993) (*Harris*), in support of its argument. In *Harris*, however, the Court held that "whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances," which "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 22; *cf. Jackson v. Cnty. of Racine*, 474 F.3d 493, 499 (7th Cir. 2007) ("[I]t is important to recall that harassing conduct does not need to be both severe *and* pervasive. One instance of conduct that is sufficiently severe may be enough.") (citation omitted) (emphasis in original).

Furthermore, Aguilera's allegations, because they involve "inappropriate touching," rise to the level of harassment that is sufficiently severe or pervasive to state a claim for hostile work environment. *Turner v. The Saloon, Ltd.*, 595 F.3d 679, 685 (7th

5

Cir. 2010) (noting that with respect to claims for hostile work environment, "[p]erhaps the most heavily emphasized factor in our cases is whether there was inappropriate touching."); *Worth,* 276 F.3d at 268 ("The fact that conduct . . . involves touching as opposed to verbal behavior increases the severity of the situation.").

In sum, Aguilera has "give[n] [Matty's West] fair notice of what the claim is and the grounds upon which it rests" with respect to both of her claims. *Twombly,* 550 U.S. at 569 n.14.

## CONCLUSION

For the reasons set forth above, Matty's West's Motion to Dismiss [15] is denied.

Date: September 20, 2011

JOHN W. DARRAH
United States District Court Judge